**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT YOUNGSTOWN**

| | | |
|---|---|---|
| **CHRISTIE HERNANDEZ,** | : | |
| **AMY AWAD,** | : | |
| **and** | : | |
| **PHILLIP KUTA** | : | |
| | : | **Case No.:** |
| **On behalf of themselves and all similarly** | : | |
| **situated individuals,** | : | **Judge:** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **vs.** | : | **COLLECTIVE AND CLASS ACTION** |
| | : | **COMPLAINT** |
| **TELELINK, LLC.** | : | |
| | : | **JURY DEMAND** |
| **Defendant.** | : | |

---

**COLLECTIVE AND CLASS ACTION COMPLAINT**

---

Plaintiffs Christie Hernandez ("Plaintiff Hernandez"), Amy Awad ("Plaintiff Awad"), and Phillip Kuta ("Plaintiff Kuta") (collectively, "Plaintiffs"), on behalf of themselves and other similarly situated individuals, bring this collective and class action lawsuit, pursuant to 29 U.S.C. § 216(b), against Defendant Telelink, LLC ("Defendant") to recover for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, Ohio's Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the OMFWSA and the OPPA will be referred to collectively as the "Ohio Acts") and pursuant to the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*.

The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.      Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant has employed Plaintiffs and Putative Class Members in the Northern District of Ohio, a substantial part of the events or omission giving rise to the claim have occurred in the Northern District of Ohio, and Defendant has done substantial business in the Northern District of Ohio.

## PARTIES

4.      Plaintiff CHRISTIE HERNANDEZ is an adult individual residing in Mahoning County, Ohio and a former Sales Representative of Defendant. Plaintiff Hernandez has given her written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff Hernandez's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b), and is attached hereto as **Exhibit A**.

5.      Plaintiff AMY AWAD is an adult individual residing in Trumbull County, Ohio, and a former Sales Representative of Defendant. Plaintiff Awad has given her written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff Awad's consent form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit B**.

6.      Plaintiff PHILLIP KUTA is an adult individual residing in Trumbell County, Ohio, and a former Sales Representative of Defendant. Plaintiff Kuta has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff Kuta's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b), and is attached hereto as **Exhibit C**.

7.      Defendant TELELINK LLC is a domestic limited liability company registered to do business in the State of Ohio with a principal business address of 1839 Elm Rd. NE Warren OH 44483 (Trumbull County).  Defendant can be served by and through its Registered Agent, Incorp Services, Inc., at 9435 Waterstone Blvd., Suite 140, Cincinnati OH 45249.

## FACTS

8.      All of the preceding paragraphs are re-alleged as if fully rewritten herein.

9.      Defendant operates a call center facility located at 1839 Elm Rd. NE, Warren OH 44483.

10.     Plaintiffs and Putative Class Members are former and current Sales Representatives who worked for Defendant out of Defendant's call center facility in Warren, Ohio.

11.     Defendant is and has been an "employer" as that term is defined by the FLSA, the PMWA, 43 P.S. § 333.103(f), and the O.R.C. Chapter 4111.

12.     Defendant employs individuals engaged in commerce or in the handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

13.     Defendant is an enterprise covered by the FLSA.

14.     Upon information and belief, during relevant times, Defendant has operated and controlled an enterprise and employed employees engaged in commerce or the production of

3

goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

15. Plaintiffs and Putative Class Members are or were employees who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206-207.

16. Plaintiffs and Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

17. The work performed by Plaintiffs and Putative Class Members did not (and currently do not) require any special skill, extensive training, or expert knowledge.

18. Plaintiffs and Putative Class Members did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations, nor have Plaintiffs and the Putative Class Members supervised two or more employees.

19. Plaintiffs and Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of Defendant or Defendant's customers.

20. Plaintiffs and Putative Class Members did not and currently do not perform work that exempts them from the overtime requirements of the FLSA and Ohio Wage Act.

21. Plaintiffs and Putative Class Members were not employed by a "retail or service establishment" as defined under Section 7(i) of the FLSA, as 75% of Defendant's annual volume of sales of goods or services is not for resale.

22.     During relevant times, Defendant has employed Plaintiffs and Putative Class Members to work in Defendant's call center located at 1839 Elm Rd. NE Warren, OH 44483. Plaintiff Kuta also worked at Defendant's Pennsylvania Center located at 168-170 West State Street, Sharon, Pennsylvania 16146. All of these individuals make up the putative FLSA Class, PMWA Class, and Ohio Acts Class.[1] While exact job titles may differ, Plaintiffs and Putative Class Members were subjected to the same or similar illegal pay practices for similar work performed.

23.     During relevant times, Defendant suffered and permitted Plaintiffs and Putative Class Members to work more than forty (40) hours per workweek, while not compensating them for all hours worked as a result of Defendant requiring them to perform unpaid "off the clock" work, and failing to include non-discretionary bonus payments into the regular rate calculation for purposes of overtime compensation.

24.     Plaintiff Hernandez was employed by Defendant as a Sales Representative from approximately June 2017 to December 2017. Throughout her employment with Defendant, Plaintiff Hernandez regularly worked five (5) to six (6) days per week, amounting to at least forty (40) hours per week and often up to forty-five (45) hours or more per week. Plaintiff Hernandez's compensation consisted of an hourly rate of $11.00 per hour, plus bonus payments based on the amount of sales made.

25.     Plaintiff Awad was employed by Defendant as a Sales Representative from approximately September 20, 2017 to December 5, 2017. Throughout her employment with Defendant, Plaintiff Awad regularly worked five (5) to six (6) days per week,  amounting to at least forty (40) hours per week; typically approximately forty-six (46) to fifty-six (56) hours per

---

[1] The terms "Putative Class Members" includes potential members of both the FLSA Class (defined at ¶42) and the Ohio Acts Class (defined at ¶52) and/or the PMWA Class (defined at ¶60).

week, often more. Plaintiff Awad's compensation consisted of an hourly rate of $11.00 per hour, plus bonus payments based on the amount of sales made.

26.     Plaintiff Kuta was employed by Defendant as a Sales Representative at the Warren, Ohio location from approximately January 2017 to April 2017; he worked as a Sales Development Supervisor at the Warren, Ohio location from approximately April 2017 to January 2018; from January 2018 to June 2018 he worked as a Sales Representative at the Pennsylvania Center; and he worked at the Warren, Ohio location as a Sales Representative from June 2018 until he was laid off by the company in August 2018. Throughout his employment with Defendant, Plaintiff Kuta regularly worked five (5) to six (6) days per week, amounting to at least forty (40) hours per week and often up to forty-five (45) to sixty (60) hours per week, sometimes more. When Plaintiff Kuta was working as a sales representative, his compensation consisted of an hourly rate that ranged from $10.00 up to $11.50 per hour, plus bonus payments based on the amount of sales made; when Plaintiff Kuta was working as a Sales Development Supervisor, he made a salary of $650.00 per week.

27.     For the limited time that Plaintiff Kuta worked as a Sales Development Supervisor, his duties consisted of interviewing and hiring employees, training new employees, working to develop employees telemarketing skills, disciplining employees, firing employees, and submitting reports to upper management regarding employee performance and sales.

28.     As Sales Representatives, Plaintiffs' job duties included contacting and following up with customers of Defendant through outbound dialing, answering customer calls and entering and verifying customer information, regularly attending work meetings, and other related tasks as directed by their supervisors.

29.     Plaintiffs and Putative Class Members tracked their hours worked by logging in and out of an electronic timeclock system on their work computers; however, Plaintiffs and

Putative Class Members were regularly instructed to engage in principal activities, including tasks integral and indispensable to their principal activities, before clocking in at the start of their workday, but were not compensated for this time.

30.     For example, at the start of each workday, Defendant regularly required Plaintiffs and Putative Class Members to perform approximately at least thirty (30) to forty-five (45) minutes of compensable work, before clocking in to the computer system. This "off the clock" work included attending team meetings and discussions regarding daily sales goals and customer accounts, tips and instructions for making customer calls, and meetings to inform Sales Representatives of any changes or updates to call center policies and procedures.

31.     Defendant also required Plaintiffs and Putative Class Members to clock out throughout the workday to take breaks, including short rest breaks lasting twenty (20) minutes or less, and also to attend work-related meetings during their shifts.

32.     Defendant did not count the time described in Paragraphs 30 and 31 above towards Plaintiffs' and Putative Class Members' daily hours worked. As a result, in workweeks where Plaintiffs and Putative Class Members worked more than forty (40) hours, Defendant's policies and practices deprived Plaintiffs and Putative Class Members of overtime pay at the rate of one and one-half times their regular rate of pay.

33.     During relevant times, Defendant compensated Plaintiffs and Putative Class Members in the form of an hourly rate, plus additional bonus payments.

34.     Plaintiffs and Putative Class Members received bonus payments pursuant to Defendant's bonus policy, which set forth specific bonus amounts that were tied to the number of sales made.

35.     Plaintiffs and Putative Class Members received the bonus payments described above in the paycheck following the workweek in which the bonuses were earned.

36.     Under the FLSA, non-discretionary bonus payments should have been included in Plaintiffs and the Putative Class Members' regular rates of pay before any and all overtime multipliers were applied. 29 C.F.R. § 778.208.

37.     However, during relevant times, Defendant failed to pay Plaintiffs and Putative Class Members the full and proper overtime compensation for hours worked over forty (40) in a workweek because Defendant failed to include bonus payments into the regular rate calculation for purposes of overtime.

38.     Defendant did not supplement the overtime payments to Plaintiffs or Putative Class Members with additional compensation to account for the increase in their regular rates of pay attributable to their bonus payments, as required under the FLSA.

39.     During relevant times, Plaintiffs and the Putative Class Members regularly worked in excess of forty (40) hours per week but did not receive the full and correct amount of overtime compensation as a result of Defendants' widely applicable, illegal pay practices.

40.     In failing to pay Plaintiffs and Putative Class Members the required overtime compensation for all overtime hours worked, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COLLECTIVE ACTION ALLEGATIONS

41.     All of the preceding paragraphs are re-alleged as if fully rewritten herein.

42.     Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of themselves and all other similarly situated individuals of the opt-in class, consisting of:

**All individuals employed by Defendant as Sales Representatives or other similar job positions who worked at least forty (40) hours per week during any time within the past three years (the "FLSA Class" or the "FLSA Class Members").**

43.     Plaintiffs' FLSA claims should proceed as a collective action because Plaintiffs and the putative FLSA Class Members, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

44.     Plaintiffs and putative FLSA Class Members have been subject to the same policies whereby Defendant has required them to perform unpaid "off the clock" work, and whereby Defendant has failed to include bonus payments into the regular rate calculating for purposes of overtime compensation.

45.     Defendant's failure to pay full and proper overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Class Members.

46.     Thus, Plaintiffs' experiences are typical of the experiences of the putative FLSA Class Members, and the specific job titles or precise job requirements of the various putative FLSA Class Members do not prevent collective treatment.

47.     Absent a collective action, many members of the proposed FLSA Class likely will not obtain redress of their injuries and Defendant will retain the proceeds of its rampant violations.

48.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

49.     The precise size and identity of the proposed FLSA Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

50.     Accordingly, Plaintiffs' Proposed FLSA Class of similarly situated plaintiffs should be certified as defined above as in Paragraph 41.

## CLASS ACTION ALLEGATIONS

51.     All of the preceding paragraphs are re-alleged as if fully rewritten herein.

### The Ohio Class

52.     Plaintiffs bring their Ohio Acts claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of:

> **All individuals employed by Defendant as Sales Representatives or other similar job positions in Ohio who worked at least forty (40) hours per week during any time within the past three years (the "Ohio Acts Class" or the "Ohio Class Members").**

53.      Class action treatment of Plaintiffs' Ohio Acts claims are appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

54.     The Ohio Acts Class, upon information and belief, includes over 100 individuals, all of whom are readily ascertainable based on Defendant's standard payroll records and are so numerous that joinder of all class members is impracticable.

55.     Plaintiffs are members of the Ohio Acts Class, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

56.     Plaintiffs and Plaintiffs' counsel will fairly and adequately represent the class members and their interests.

57.     Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's companywide pay policies.  The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

58.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual

class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**The Pennsylvania Class**

59.     All previous paragraphs are incorporated as though fully set forth herein.

60.     The PMWA Class is defined as:

**All individuals employed by Defendant in Pennsylvania as Sales Representatives or other   similar job positions who worked at least forty (40) hours per week during any time within the past three years (the "PMWA Class" or the "Pennsylvania Class Members").**

61.     Class action treatment of Plaintiff  Kuta's   PMWA claims are appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

62.     The PMWA Class, upon information and belief, includes over 100 individuals, all of whom are readily ascertainable based on Defendant's standard payroll records and are so numerous that joinder of all class members is impracticable.

63.     Plaintiffs are members of the PMWA Class, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

64.     Plaintiff Kuta and Plaintiffs' counsel will fairly and adequately represent the class members and their interests.

65.     Questions of law and fact are common to all class members, because, inter alia, this action concerns Defendant's companywide pay policies.  The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

11

66.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## CAUSES OF ACTION

### COUNT I
### (FLSA Collective Action - Unpaid Overtime)

67.     All previous paragraphs are incorporated as though fully set forth herein.

68.     At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

69.     At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

70.     At all times hereinafter mentioned, Plaintiffs and the FLSA Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

71.     The FLSA requires that employees receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

72.     During all relevant times, Plaintiffs and the FLSA Class Members were not exempt from receiving FLSA overtime benefits.

73.     Plaintiffs and the FLSA Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, Defendant violated the FLSA by failing to pay Plaintiffs and FLSA Class Members the full and proper overtime compensation for hours worked over forty (40) in a workweek.

74.     In violating the FLSA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable federal law.

75.     Accordingly, Plaintiffs and the putative FLSA Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## COUNT II
## (Ohio Acts Class – Unpaid Overtime)

76.     All previous paragraphs are incorporated as though fully set forth herein.

77.     Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

78.     Plaintiffs and the Ohio Acts Class Members were or have been employed by Defendant within the past three (3) years, and have been covered employees entitled to the protections of the Ohio Acts.

79.     Defendant is an employer covered by the requirements set forth in the Ohio Acts.

80.     Plaintiffs and Ohio Acts Class Members have not been exempt from receiving overtime benefits under the Ohio Acts.

81.     Plaintiffs and the Ohio Acts Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, Defendant violated the Ohio Acts by failing to pay Plaintiffs and other Ohio Acts Class Members the full and proper overtime compensation for hours worked over forty (40) in a workweek.

82.    Plaintiffs and the Ohio Act Class Members are entitled to unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of R.C. §4111.03, by which the Plaintiff and Ohio Act Class Members have suffered and continue to suffer damages.

### COUNT III
### (Ohio Acts Class - Violations of the Ohio Prompt Pay Act, R.C. 4113.15)

83.    All previous paragraphs are incorporated as though fully set forth herein.

84.    During all relevant times, Defendant has been an entity covered by the OPPA and Plaintiffs and Ohio Acts Class Members have been employed by Defendant within the meaning of the OPPA.

85.    The OPPA requires that the Defendant pay Plaintiffs and the Ohio Acts Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. R.C. § 4113.15(A).

86.    During all relevant times to this action, Plaintiffs and the Ohio Acts Class Members were not paid all wages, including overtime wages at one and one-half times their regular rates within thirty (30) days of performing the work.

87.    The wages of Plaintiffs and the Ohio Acts Class Members remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

88.    In violating the OPPAs, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

### COUNT IV
### (Recordkeeping Violations of the Ohio Wage Law)

89.    All of the preceding paragraphs are re-alleged as if fully rewritten herein.

90.    The Ohio Wage Law requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

91.    During times relevant to this action, Defendant has been a covered employer, required to comply with the Ohio Wage Law's mandates.

92.    During times relevant to this action Plaintiffs and the Ohio Acts Class Members have been covered employees entitled to the protection of the Ohio Wage Law.

93.    During times relevant to this action, Defendant has violated the Ohio Wage Act with respect to Plaintiffs and the Ohio Acts Class Members by failing to properly maintain accurate records of all hours Plaintiffs and the Ohio Acts Class Members worked each workday and within each workweek.

94.    In violating the Ohio Wage Act, Defendant has acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

**COUNT V**
**(Failure to Pay Wages in Accordance with the PWMA)**

95.    All previous paragraphs are re-alleged as though fully set forth herein.

96.    The PMWA requires that employees receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

97.    Plaintiff Kuta and other PMWA Class Members have not been exempt from receiving overtime benefits under the PMWA.

98.    Plaintiff Kuta and other PMWA Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Defendant has violated the PMWA by failing to pay Plaintiff Kuta and other class members any overtime premium for hours worked over forty (40) per week.

99.     Plaintiff Kuta and the PMWA Class Members have suffered damages and continue to suffer damages as a result of Defendant's acts or omissions as described herein; though Defendant is in possession and control of necessary documents and information from which Plaintiff Kuta would be able to precisely calculate damages.

100.    In violating the PMWA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Pennsylvania law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for declaratory relief and damages as follows:

A. Certifying the proposed FLSA collective action;

B.  Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Ohio Class under Ohio Law;

D. Certifying the proposed Pennsylvania Class under Pennsylvania Law;

E. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

F. Awarding to the Plaintiffs and the FLSA Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

G. Awarding to the Plaintiffs and the Ohio Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

H.  Awarding to Plaintiff Kuta and the Pennsylvania Class Members unpaid compensation, overtime wages as to be determined at trial together with any liquidated damages allowed by Pennsylvania Law;

I.  Granting Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

J.  Awarding Plaintiffs, the FLSA Class Members and the Ohio Class Members such other and further relief as the Court deems just and proper;

K.  Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA, Pennsylvania and Ohio Law;

L.  Litigation costs, expenses, and attorneys' fees;

M.  Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all questions of fact raised by the Complaint.


Dated:  September 25,  2018                     Respectfully submitted,

                                                **BARKAN MEIZLISH HANDELMAN**
                                                **GOODIN DEROSE WENTZ, LLP**

                                                */s/ Robert E. DeRose*
                                                Robert E. DeRose (OH Bar No. 0055214)
                                                Jessica R. Doogan (OH Bar No. 0092105)
                                                250 E. Broad Street, 10th Floor
                                                Columbus, Ohio 43215
                                                T: (614) 221-4221

F: (614) 744-2300
bderose@barkanmeizlish.com
jdoogan@barkanmeizlish.com