**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT YOUNGSTOWN**

| | | |
|---|---|---|
| **CHRISTIE HERNANDEZ,** | : | |
| **AMY AWAD,** | : | |
| **and** | : | |
| **PHILLIP KUTA** | : | |
| | : | **Case No.: 4:18-CV-02203-BYP** |
| **On behalf of themselves and all similarly** | : | |
| **situated individuals,** | : | **Judge: Benita Y. Pearson** |
| | : | |
| **Plaintiffs,** | : | **Magistrate: George J. Limbert** |
| | : | |
| **vs.** | : | |
| | : | |
| **TELELINK, LLC., et al.** | : | |
| | : | |
| **Defendant.** | : | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS MOTION TO STRIKE PLAINTIFFS'
RESPONSE TO DEFENDANTS' MOTION TO SET ASIDE DEFAULT OR
ALTERNATIVELY PLAINTIFFS' MOTION FOR LEAVE TO FILE RESPONSE TO
MOTION TO SET ASIDE INSTANTER**

Now Come Plaintiffs Christie Hernandez, Amy Awad, and Philip Kuta (collectively "Named Plaintiffs") on behalf of themselves and all opt-in Plaintiffs (collectively "Plaintiffs"), and in response to Defendant Telestars, LLC's Motion to Strike, respectfully request this Court deny Telestars' Motion to strike (ECF Doc. No. 82).

In support of their response, Plaintiffs submit their brief, incorporated herein.

I.  **INTRODUCTION**

A.  **Procedural Background**

Defendant Telestars, LLC ("Telestars") filed a Motion to Set Aside Default ("Motion to Set Aside") (ECF 69) on August 6, 2019. On September 5, 2019 Plaintiffs filed their Response to the

1

Motion to Set Aside ("Plaintiffs' Response") (ECF 80). Telestars' Reply in Support of Motion to Set Aside Default ("Reply") (ECF 82) followed on September 12, 2019, this Response follows.

### B. Summary of Argument

Plaintiffs' timely filed their Response to Telestars' Motion to Set Aside. Although Telestars cited the improper legal standard and improper Rule for its Motion to Set Aside, Plaintiffs' Response followed the proper timeline of a response to a dispositive motion. Therefore, Telestars' Motion to Strike should be denied, and this Court should consider Plaintiffs' Response in making its decision on the merits of Telestars' Motion to Set Aside.

### II. ARGUMENT

### A. Telestars' Reply is a Motion to Strike.

Telestars' memorandum in support of its Reply states, "Plaintiffs' Response to Telestars' Motion to Set aside the Court's Entries of Default **should be stricken** for being untimely filed according to the Court's local rules." (emphasis added). Norther District court's may, at their discretion, construe a party's filing as a motion to strike if the substance of that filing is essentially a motion to strike, even if the filing party has not captioned the filing as a motion to strike. *Murray v. Citigroup Global Markets, Inc.*, No. 3:09-CV-1514, 2011 WL 5523680, at \*4 (N.D. Ohio Nov. 14, 2011) (construing a party's fiiling of "objections" to an opposing filing as a motion to strike that filing); *Radar Industries, Inc. v. Cleveland Die & Mfg. Co.*, 632 F.Supp.2d 686, 688 (E.D. Mich. 2009) (construing the defendants' "notice of objection" as a motion to strike); *Kerns v. Caterpillar Inc.*, No. 3:06-CV-1113, 2014 WL 4171997, at \*1 (M.D. Tenn. Aug. 20, 2014) (construing second section of defendant's summary judgment motion as a motion to strike); *Smith v. Sears*, No. 1:03-CV-189, 2007 WL 915188, at \*1 (S.D. Ohio Mar. 26, 2007) (construing

defendant's memorandum in opposition to plaintiff's motion for leave to file an amended complaint as a motion to strike plaintiff's motion).

Although Telestars did not follow proper procedure to make this request for relief, a review of the Memorandum in Support of its Reply makes clear that the requested relief is to strike the pleading. In other words, Telestars submitted a Motion to Strike for section II.A. in their Reply. This Response addresses Telestars' Reply section II.A.

### B. Plaintiffs' properly filed their response within Thirty (30) Days.

Under Local Rule 7.1(d) "each party opposing a motion must serve and file a memorandum in opposition within *thirty (30) days after service of any dispositive motion*." (*emphasis added*) Dispositive motions are defined as "any . . . motion which, if granted, would result in the entry of judgment or dismissal, or *would dispose of any claims or defenses*, or would terminate the litigation." Local Rule 16.1(b)(5) (*emphasis added*).

Two outcomes are possible in a dispositive motion. Either the Court grants the motion for default judgment or it denies the motion. When judges grant or deny a motion and the result is entry of judgment or dismissal, a defense's disposition, or the litigation's termination, then the motion is necessarily a dispositive motion. A dispositive motion's meaning does not hinge on whether the motion is granted. A dispositive motion's meaning hinges on whether the result adds finality to a suit. Here, Telestars' Motion to Set Aside is a dispositive motion because it seeks to reverse a default judgement – a decision that rests on the finality of the merits of claims against Telestars, textbook disposition.

If the Court denies Telestars' Motion to Set Aside, final judgement is not reversed. If the Court grants Telestars' Motion to Set Aside, the matter of a decision on the merits against Telestars reaches finality. Thus, the thirty-day (30) deadline from Local Rule 7.1(d) applies, as plaintiffs are

responding to a dispositive motion. Telestars served plaintiffs their Motion to Set Aside on August 6, 2019, and Plaintiffs filed their response on September 5, 2019, the thirtieth (30th) day. Plaintiffs' timely filed their Response.

**C. Alternatively, if this Court were to Determine that the Thirty-Day (30) Deadline did not Apply, Plaintiffs made an Excusable Error.**

In the alternative, if this Court rules that Telestars' Motion to Set Aside is not a dispositive motion, Plaintiffs move pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure for leave to file Plaintiffs' Response to Telestars' Motion (ECF 80) *Instanter*. Plaintiffs conduct constitutes excusable neglect because good cause exists for granting Plaintiffs a time extension to file its Response. Plaintiffs possessed a reasonable, good faith belief that Telestars' Motion is a dispositive motion. Due to this belief, Plaintiffs filed their response within the 30 day deadline. Additionally, if Plaintiffs successfully opposed Telestars' Motion, then the case is concluded. Under the belief that Plaintiffs had thirty-days (30) to Respond, Plaintiffs conducted a thorough investigation for their Response. The investigation resulted in the Affidavit of Patricia O'Brien [ECF Doc. No. 80-1], News Article [ECF Doc. No. 80-4], and Affidavit of Elizabeth A. Anderson, Assistant Pennsylvania Attorney General [ECF Doc. No. 80-3]. Thus, Plaintiffs possessed excusable neglect and a time extension to file the Response should be extended to September 5, 2019.

Furthermore, Defendants' Motion to Set Aside included a Motion for Leave to File an Answer *Instanter*. Plaintiffs' decision to address only dispositive matters in Plaintiffs' Response is further evidence of Plaintiffs' good faith belief that the proper deadline was applied for Plaintiffs' Response. For these reasons, should this Court determine that the Motion to Set Aside was not dispositive in nature, and that the thirty-day (30) deadline did not apply, Plaintiffs request leave of this Court to file Plaintiffs' Response *Instanter*.

### A.  CONCLUSION

Plaintiffs' timely filed their Response to Telestars' Motion to Set Aside (ECF 80). However, if the Court rules that it was not timely filed, then Plaintiffs move pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure for leave to file their Response to Telestars' Motion to Set Aside, *Instanter*.


Dated: September 12, 2019

Respectfully Submitted,


/s/ *Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
Jessica R. Doogan (OH Bar No. 0092105)
**BARKAN MEIZLISH DEROSE**
**WENTZ MCINERNEY PEIFER LLP**
250 East Broad Street, 10th Floor
Columbus, Ohio 43215
T:  (614) 221-4221
 F:  (614) 744-2300
bderose@barkanmeizlish.com
jdoogan@barkanmeizlish.com

*Counsel for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 12, 2019 I filed the foregoing document using the Clerk of Court's ECF system, which will send notification of this document to all counsel of record.

/s/ *Robert E. DeRose*
Robert E. DeRose
