PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTIE HERNANDEZ, *et al.*, | ) | CASE NO. 4:18CV2203 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| TELELINK, LLC, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF Nos. 69, 83] |

Pending before the Court is Defendant Telestars, LLC's Motion to Set Aside Entries of Default and Motion for Leave to Answer, Move, or Otherwise Plead. ECF No. 69. Plaintiffs filed an opposition[1] (ECF No. 80), and Defendant replied (ECF No. 82). Plaintiffs also filed a Response to Defendant's Motion to Strike Plaintiffs' Response to Defendant's Motion to Set Aside Default or Alternatively Plaintiffs' Motion for Leave to File Response to Motion to Set Aside *Instanter*.[2] ECF No. 83. For the reasons provided below, the Court grants Telestars'

---

[1] A party opposing a non-dispositive motion must "serve and file a memorandum in opposition . . . within fourteen (14) days after service of any non-dispositive motion." L.R. 7.1(d). A motion to set aside default judgment, under the Local Rules, is a non-dispositive motion. L.R. 16.1(b)(5). Plaintiffs' opposition, filed 30 days after the filing and service of Telestars' motion, is 16 days late. *See* ECF Nos. 69, 80. The Court nonetheless reviews Plaintiffs' opposition in full.

[2] It is inappropriate motion practice to combine a memorandum in opposition with a separate motion. *See Groth v. Ohio State Highway Patrol,* No. 5:11CV2628, 2012 WL 928737, at *1 n. 2 (N. D. Ohio March 19, 2012) (Pearson, J.). A motion should be obvious on the docket, not buried in a related filing.

(4:18CV2203)

motion to set aside the Court's entry of default judgment. Plaintiffs' motion for leave is denied as moot.

## I. Background

On January 24, 2019, Plaintiffs filed an amended complaint seeking damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.01 *et seq.*, and the Pennsylvania Minimum Wage Act, 43 Pa. Stat. § 333.101 *et seq*. ECF No. 22. Plaintiffs named three defendants, including Telestars. *Id.* On March 21, 2019, Plaintiffs perfected service of the amended summons and complaint on Telestars. ECF No. 41. Telestars failed to plead or otherwise defend itself against the action. On April 29, 2019, the Clerk entered default against Telestars. ECF No. 45.

Following entry of default, Plaintiffs filed a motion for default judgment against Telestars. ECF No. 53. On June 6, 2019, the Court granted the motion and entered default judgment in favor of Plaintiffs and against Telestars. ECF Nos. 54, 55. The Court set an evidentiary hearing to determine damages, attorneys' fees and costs, and injunctive relief against Telestars. ECF No. 54 at PageID #: 400.

Two months after the entry of default judgment, Telestars appeared in the action and moved to set aside the Court's entry of judgment by default. ECF No. 69.

(4:18CV2203)

## II.  Legal Standard

Under Fed. R. Civ. P. 55(c), a district court may set aside an entry of default for good cause shown.[3]  O.J. Distrib., Inc. v. Hornell Brewing Co., 340 F.3d 345, 353 (6th Cir. 2003).

The Court of Appeals for the Sixth Circuit has established three factors relevant to the determination of whether "good cause" exists to set aside an entry of default pursuant to Rule 55(c): (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default. United Coin Meter Co. v. Seaboard Coastline RR., 705 F.2d 839, 845 (6th Cir. 1983).  While courts consider these same three factors in evaluating whether to set aside a default judgment under Rule 60(b), "[i]n practice a somewhat more lenient standard is applied to Rule 55(c) motions." Shepard Claims Serv., Inc. v. William Darrah & Assoc., 796 F.2d 190, 193 (6th Cir. 1986); see Waifersong Ltd. Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992) ("[T]he methodology for considering these factors and the weight to be accorded to them depends on whether the court is confronted by an entry of default or a default judgment.").

## III.  Analysis

### A.  Applicability of Rule 60(b)

As a preliminary matter, Telestars' motion to set aside default judgment is appropriately analyzed under Rule 55(c), rather than Rule 60(b).  "A default judgment that does not dispose of

---

[3] To prevail on a motion to set aside a final default judgment, however, a party must satisfy the stricter Rule 60(b) standard for relief from a final judgment or order. Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 194 (6th Cir.1986) (internal quotation marks omitted).

3

(4:18CV2203)

all of the claims among all parties is not a final judgment unless the court directs entry of final judgment under Rule 54(b). Until final judgment is entered, Rule 54(b) allows revision of the default judgment at any time. The demanding standards set by Rule 60(b) apply only in seeking relief from a final judgment." Fed. R. Civ. P. 55, Advisory Committee's Note (2015). Plaintiffs' claims against Defendants Telelink, LLC and Nicole Costea remain. Furthermore, the Court has not directed entry of final judgment against Telestars under Rule 54(b). *See* ECF No. 55. Finally, the Court's entry of default judgment did not grant judgment on the issue of damages. "An order granting default judgment without any judgment entry on the issue of damages is no more than an interlocutory order to which Rule 60(b) does not yet apply." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 840 (6th Cir. 2011).

Accordingly, the Court holds that Telestars need only demonstrate good cause under Rule 55(c) on the balance of the factors under *United Coin Meter* namely, the prejudice to Plaintiffs, whether Telestars pleads a meritorious defense, and Telestars' culpability in failing to timely file an answer. *See United Coin Meter Co.*, 705 F.2d at 845.

**B. Prejudice to Plaintiffs**

The prejudice inquiry focuses on the "future prejudice that will result from reopening the judgment, not prejudice that has already resulted from the defendant's conduct." *Dassault*, 663 F.3d at 842. Neither delay nor increased litigation costs support denial of setting aside default judgment. "Instead, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.*

4

(4:18CV2203)

(quoting *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)) (internal quotation marks omitted).

Plaintiffs argue that they will "suffer from increased costs and delay if the default judgment is set aside." ECF No. 80 at PageID #: 675. But, setting aside default will always result in delay and increased costs. *See Dassault*, 663 F.3d at 842. Plaintiffs also claim that reopening the case as to Telestars would cause them to "suffer from loss of evidence, increased opportunities for fraud, or discovery difficulties." ECF No. 80 at PageID #: 676. In support, Plaintiffs claim that "Telestars employees are harassing Plaintiff Awad[,]" providing screenshots of two messages sent by Telestars employees to Awad through instant messaging. *Id.*; ECF No. 80-2 at PageID #: 686-87. Nonetheless, Plaintiffs fail to demonstrate how these messages are at all probative of Telestars' likelihood to engage in misconduct during the course of discovery. Because Plaintiff has not demonstrated future prejudice that will result from reopening the judgment, this factor weighs in favor of granting Telestars' motion.

**C. Meritorious Defense**

"A defense is meritorious if it is good at law." *Dessault*, 663 F.3d at 843 (quoting *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010)) (internal quotation marks omitted). The party moving to set aside default judgment does not need to demonstrate that the defense is likely to succeed on the merits. Rather, the inquiry is whether "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *$22,050.00 U.S. Currency*, 595 F.3d at 326 (quoting *Burrell v. Henderson*, 434

5

(4:18CV2203)

F.3d 826, 834 (6th Cir. 2006)). Even "conclusory assertions may be sufficient to establish the 'hint of a suggestion' needed to present a meritorious defense." *Dassault*, 663 F.3d at 843.

Plaintiffs allege in their Amended Complaint that Defendants, including Telestars, failed to properly compensate Plaintiffs for overtime, failed to include non-discretionary bonus payments into the regular rate calculation for the purposes of overtime compensation, and required Plaintiffs to perform "off the clock" work. ECF No. 22 at PageID #: 173-76. Plaintiffs also assert that Telestars and Telelink are both owned by Defendant Costea, and that "Defendants shared work between locations and allowed employees to move from working at one location . . . to the other[.]" *Id.* at PageID #: 166, 169.

In its motion to set aside default judgment, Telestars submits an affidavit of its owner, Rachel Bacich. ECF No. 69-1. Bacich, through her affidavit, asserts that Costea has never held an ownership interest in Telestars, and that Telestars and Telelink have never shared employees or employment records. *Id.* at PageID #: 541-42. Bacich further denies that Telestars engaged in any of the conduct alleged by Plaintiffs in support of their claims under the FLSA and Ohio and Pennsylvania law. *Id.* at PageID #: 542.

Plaintiffs, in turn, contend that Bacich's affidavit does not provide the "hint of a suggestion" needed to provide for a meritorious defense. ECF No. 80 at PageID #: 676. Nonetheless, if Telestars did not, in fact, engage in the conduct alleged in the Amended Complaint, as Bacich claims, Telestars would have a valid defense against Plaintiffs' claims. Moreover, if Telestars and Telelink do not share employees, are independently owned, and are operated in such a way that they are not liable for the actions of the other, as Bacich claims, then

6

(4:18CV2203)

Telestars would be able to successfully defend against any claims brought against it as a result of conduct by Telelink or Costea. Finally, Plaintiffs' contention that Bacich's affidavit is contradicted by the evidence is inconsequential. Telestars' factual assertions, bolstered by Bacich's affidavit, are sufficient to meet the "good at law" standard. Because Telestars has shown the existence of a meritorious defense, this factor weighs in favor of granting Telestars' motion.

### D. Culpability

"'To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *Dessault*, 663 F.3d at 841 (quoting *Shepard Claims Serv.*, 796 F.2d at 194). Bacich avers that she was not on notice of the lawsuit against Telestars until her sister had sent her a copy of the notice of service of process of the entry of default judgment. ECF No. 69-1 at PageID #: 543-44. Bacich asserts that Telestars' statutory agent had, on record, a property owned by her mother as the proper forwarding address, and, "[b]y chance, [her] sister was at the . . . property and checked the mail." *Id.* at PageID #: 543. She states that, upon receiving the notice of default judgment, she acted diligently in obtaining counsel to represent Telestars. *Id.* at PageID #: 544.

Bacich's failure to update Telestars' forwarding information with its statutory agent for service of process, though regrettable, does not constitute an intent to thwart judicial proceedings or a reckless disregard for the effect of her conduct on those proceedings. Her failure to do so may constitute neglectful or careless conduct, but does not rise to the level of willful or culpable

(4:18CV2203)

conduct under *United Coin Meter*. See Beamer v. Fadel-II Foods, No. 10-10104, 2012 WL 1068758, at *3 (E.D. Mich. Jan. 17, 2012), *report and recommendation adopted*, No. 10-CV-10104, 2012 WL 1068708 (E.D. Mich. Mar. 29, 2012) (finding defendant's failure to maintain a proper resident agent, as required by state law, does not constitute willful or culpable conduct, absent actual notice of the lawsuit). Also, Bacich avers and provides evidence in the form of exhibits that she failed to receive Plaintiffs' Request for Entry of Default and resulting court documents because Telestars' address was previously listed incorrectly as Harrisburg, Ohio rather than Harrisburg, Pennsylvania. ECF No. 69-1 at PageID #: 544.

Plaintiffs persist in arguing that "despite the statements in Ms. Bacich's declaration it is clear she is connected with Ms. Costea and Telelink." ECF No. 80 at PageID #: 675. They claim that "it is hard to believe that the two women did not discuss that Telelink and Costea had been sued[.]" Such an argument, however, amounts to nothing more than speculation. And the record does not indicate otherwise.

Accordingly, this factor weighs in favor of granting Telestars' motion.

### E.  Balancing the *United Coin Meter* Factors

On balance, the *United Coin Meter* factors weigh in favor of granting Telestars' motion. Plaintiffs will only suffer minimal prejudice, if any, by setting aside default judgment. Telestars has offered factual assertions made by its owner that support a number of defenses sufficient to establish, at a minimum, the 'hint of a suggestion' needed to present a meritorious defense. Finally, Bacich's failure to maintain an accurate forwarding address with Telestars' statutory

8

(4:18CV2203)

agent, though negligent, does not constitute willful or culpable conduct. Accordingly, Telestars has demonstrated good cause for setting aside default judgment.

### F. Plaintiffs' Motion for Leave (ECF No. 83)

Telestars contends, in its reply brief, that "Plaintiffs' untimely response [to the motion to set aside default judgment] should be immediately stricken for failing to comply with the Court's explicit local rules." ECF No. 82 at PageID #: 828. Plaintiffs then filed a response to the reply brief, claiming that their response was, in fact, timely filed. Plaintiffs, in the same document as their response, filed their Motion for Leave. ECF No. 83. Because the Court has reviewed and considered the merits of Plaintiffs' response to Telestars' motion to set aside default judgment, Plaintiffs' motion for leave (ECF No. 83) is denied as moot.

## IV. Conclusion

Based on the foregoing, the Court grants Defendant Telestars' motion to set aside default judgment. ECF No. 69. The evidentiary hearing to determine damages and attorneys' fees and costs, set for November 20, 2019, is cancelled, as unnecessary. Plaintiffs' motion for leave is denied as moot. ECF No. 83. Telestars is ordered to file a responsive pleading to Plaintiffs' Amended Complaint no later than 7 days from the date of this Order.

IT IS SO ORDERED.

| | |
|---|---|
| October 10, 2019 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |