PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTIE HERNANDEZ, *et al.*, | ) | CASE NO. 4:18CV2203 |
| Plaintiffs, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| TELELINK, LLC, *et al.*, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) | |

Plaintiffs Christie Hernandez, Amy Awad, and Phillip Kuta filed a motion for conditional certification and court-supervised notice to potential opt-in plaintiffs pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). ECF No. 42. Plaintiffs propose a class consisting of "all individuals employed by Defendants as Sales Representatives or other similar job positions who worked at least forty (40) hours per week during any time within the past three years at the Defendants' Warren, Ohio and/or Sharon, Pennsylvania locations." *Id* at PageID #: 306. Defendant Telestars filed an opposition to Plaintiffs' motion (ECF No. 93) and Plaintiffs replied (ECF No. 94). For the reasons stated herein, Plaintiffs' motion for conditional certification is granted.

**I. Background**

On January 24, 2019, Plaintiffs filed an amended complaint seeking damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.01 *et seq.*, and the Pennsylvania Minimum Wage Act, 43 Pa. Stat. §

(4:18CV2203)

333.101 *et seq*. ECF No. 22. Plaintiffs named three defendants, including Telestars. *Id*. Plaintiffs allege Defendants engaged in a policy and practice by which they did not pay their employees for performing required work and failed to include commission payments in calculating the overtime rate of pay. *Id*. at PageID #: 173.

On February 18, 2019, Plaintiffs filed a motion for conditional certification. ECF No. 29. The Court denied the motion without prejudice as service had not yet been perfected on two Defendants, including Telestars. ECF No. 36 at PageID#: 294. By March 21, 2019, Plaintiffs had perfected service on all Defendants. On May 24, 2019, the Court granted Plaintiffs' Motion for Conditional Certification in part. ECF No. 51. At the time conditional certification was granted, Telestars had failed to appear in the action and respond to Plaintiffs' Amended Complaint. *Id*. at PageID #: 376-77. During the 60-day notice period, Telestars remained absent from the action. Telestars appeared in the action on August 6, 2019 and moved to set aside the Court's entry of judgment by default. ECF No. 69. On October 10, 2019, the Court granted Telestars' motion to set aside default judgment. ECF No. 88.

To reconcile Telestars' absence during the 60-day notice period with the need to allow Putative Plaintiffs who are or were employees of Telestars to opt into this action in accordance with conditional certification, the Court gave Plaintiffs and Defendant Telestars the opportunity to fully brief the issue of conditional certification for ruling. ECF Nos. 89, 92.

## II. Legal Standard

Under 29 U.S.C. § 216(b), a plaintiff employee alleging a FLSA violation can bring a

2

(4:18CV2203)

representative action for herself and similarly situated persons. To do so, 1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action. *Comer v. Wal-Mart Stores, Inc*., 454 F.3d 544, 546 (6th Cir. 2006) (citations omitted).

While the FLSA does not define "similarly situated," the Sixth Circuit has said that FLSA plaintiffs may proceed collectively when "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'brien v. Ed Donnelly Enters*., 575 F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds by Campbell-Edwald Co. v. Gomez*, 136 S.Ct. 663 (2016).

The Sixth Circuit uses a two-stage certification process to determine whether a proposed group of plaintiffs is "similarly situated." *Comer*, 454 F.3d at 547. First, the "notice" stage helps determine whether there are plausible grounds for plaintiffs' claims. A plaintiff must make only a "modest factual showing" and needs to show "only that his position is similar, not identical, to the positions held by the putative class members." *Id*. Because a district court has limited evidence at this stage, this standard is "fairly lenient," and "typically results in 'conditional certification' of a representative class." *Id*. (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F.Supp.2d 493, 497 (D.N.J. 2000)). The decision to conditionally certify a class, and thereby facilitate notice, is "within the discretion of the trial court." *Castillo v. Morales, Inc*., 302 F.R.D. 480, 483 (S.D. Ohio 2014); *see also Comer,* 454 F.3d at 546; *Hamm v. Southern Ohio Medical Center*, 275 F.Supp.3d 863, 874 (6th Cir. 2017).

3

(4:18CV2203)

The second stage of the certification process occurs after "all of the opt-in forms have been received and discovery has concluded." *Id*. During the second stage, the court makes a final determination on whether opt-in class members are similarly situated based upon a thorough review of the record after discovery is completed. *See Houston v. Progressive Cas. Ins. Co.,  2015 WL 8527339 at *1 (N.D. Ohio Dec. 11, 2015)* (Gaughan, J.); *see also Schwab v. Bernard, 2012 WL 1067074 (N.D. Ohio March 28, 2012)* (Lioi, J.). This final certification decision is based on a number of factors, including "factual and employment settings of the individual [] plaintiffs, the different defenses to which plaintiffs may be subject on an individual basis [and] the degree of fairness and procedural impact of certifying the action as a collective action." *Obrien*, 575 F.3d at 584 (citations omitted).

### III. Analysis

Named Plaintiffs have met the "modest factual showing" required for conditional certification of the collective action. Plaintiffs claim that, as sales representatives, they regularly worked over 40 hours per week and were not compensated for all hours worked in excess of 40 hours per workweek. ECF No. 22 at PageID #: 173-74. They contend they were required to perform "off the clock" work without compensation. *Id*. at PageID #: 173. Plaintiffs also allege they were required to clock out of the workday for short breaks lasting 20 minutes or less. *Id*. at PageID #: 175. Finally, Plaintiffs argue that their bonus payments were improperly excluded from the calculation of their rate of overtime compensation. *Id*. at PageID #: 175-176. Each Plaintiff submitted a declaration in support of these allegations. ECF Nos. 42-1, 42-2, 42-3.

4

(4:18CV2203)

Further, each Plaintiff also attested that there were a number of similarly situated employees performing similar work and receiving compensation in the same manner during the relevant time period. ECF Nos. 42-1, 42-2, 42-3. Plaintiffs First Amended Complaint and declarations thus demonstrate that the named Plaintiffs and putative class members suffer from a single, FLSA violating policy, as each performed the same job duties, worked over forty hours per week, and were paid in the same manner by Defendants. *See Comer*, 454 F.3d at 547 (finding plaintiff must only show that his position is similar to the positions held by the putative class members.).

Defendant Telestars makes a number of arguments in opposition, all of which are unavailing. First, Telestars responds that it is an improper Defendant to this action for which conditional certification may be granted. To support its contention, Telestars alleges that Plaintiffs never worked for Telestars. The Court finds, however, that Plaintiffs have clearly established through both their First Amended Complaint and Plaintiff Kuta's declaration that Plaintiff Kuta was an employee of Telestars. *See* ECF No. 22 at PageID #: 168; *see also* ECF No. 42-3 at PageID #: 330. This showing satisfies the Court that Telestars should be subject to the collective action notice. *Compare Lutz v. Huntington Bancshares Inc.*, 2013 WL 1703361, *6 (S.D. Ohio Apr. 19, 2013) (finding named plaintiffs had no basis to include defendant in collective action notice where plaintiffs offered no evidence or explanation that they were employed by defendant).

Second, Telestars argues that Plaintiff Kuta's declaration is conclusory and should thus be ignored. ECF No. 93 at PageID #: 908. The Sixth Circuit has spoken on this issue. In *Comer*,

5

(4:18CV2203)

the Sixth Circuit certified a class based on affidavits of workers describing their workplace conditions. *Comer*, 454 F.3d at 546. Like the affidavits in *Comer*, Plaintiff Kuta's Affidavit similarly describes his workplace conditions and how he believes Defendants violated the FLSA. ECF No. 42-3 at PageID #: 330-31. At the notice stage, district courts within the Sixth Circuit typically do not consider the merits of the plaintiff's claim, resolve factual disputes, make credibility determinations, or decide substantive issues. *See Kinder v. MAC Mfg. Inc.*, 318 F.Supp.3d 1041, 1048 (N.D. Ohio 2018) (Pearson, J.) (citing *Swigart* v. *Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011). Plaintiff Kuta's declaration asserts enough information to make a "modest factual showing" that Plaintiff's position is similar to that of other employees. *Comer*, 454 F.3d at 546-47.

Finally, Telestars argues that a three-year statute of limitations period should not apply to the alleged FLSA violations. ECF No. 93 at PageID #: 910. In *Kinder*, Court found an identical argument unpersuasive. *Kinder*, 318 F.Supp. at 1048. Because Telestars' statute of limitations argument requires an "evaluation of the merits of Plaintiff[s'] claims" it is thus "inappropriate for resolution at this early stage of litigation." *Id*. Therefore, the Court rejects Telestars' statute of limitations argument, at this time, without prejudice to it being revived at a later stage, if necessary.

Upon reviewing Plaintiffs' motion and attached declarations, the Court is satisfied that Plaintiffs have met their burden in making the requisite factual showing for conditional certification of a collective action under 29 U.S.C. § 216(b).

(4:18CV2203)

## IV. Conclusion

Based on the foregoing, the Court grants Plaintiffs' motion for conditional certification as to Defendant Telestars.  ECF No. 42.  The parties are henceforth required to abide by the Notice Schedule the Court adopted in ECF No. 92.

    IT IS SO ORDERED.

| | |
|---|---|
| November 25, 2019<br>Date |   */s/ Benita Y. Pearson*<br>Benita Y. Pearson<br>United States District Judge |